**Larry Lynn LASHER et al., Appellants,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17560.**

Court of Criminal Appeals of Oklahoma.

May 21, 1973.

Harrell F. Followell, Poteau, for appellants.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Larry Lynn Lasher, James Potts, and Raymond Halford, Appellants, hereinafter referred to as defendants, entered pleas of guilty in the District Court of LeFlore County, Case No. CRF-71-108, to the offense of Escape From State Penitentiary,

their punishment was fixed at two (2) years imprisonment and from said judgment and sentence a timely writ of certiorari has been perfected to this Court.

The sole proposition asserts that the trial court erred in refusing to grant continuance thus depriving defendants of the fundamental right of effective representation by counsel. The record reflects that the defendants were charged in the District Court of LeFlore County on November 8, 1971, with the offenses of Escape From State Penitentiary and Larceny of a Motor Vehicle, After Former Conviction of a Felony. The record further reflects that the defendants appeared before a magistrate on November 8, and Joe K. Page was appointed to represent them. On December 11, 1971, Mr. Page was allowed to withdraw as counsel "because of certain irreconcilable conflicts." On January 3, 1972, Harrell F. Followell was appointed to represent the defendants at a preliminary hearing scheduled for January 4. The following day the preliminary hearing was continued at the request of the defendants' counsel because of inclement weather. On January 26, 1972, the defendants appeared with counsel for preliminary hearing and after being bound over, were arraigned before the trial court. On February 16, 1972, Mr. Followell was appointed to represent a defendant in a capital case to be tried before a jury on March 6, 1972. Mr. Followell was involved in the trial of the murder case until March 11, 1972. On March 14, 1972, the defendants appeared for trial and Mr. Followell requested a continuance asserting that he had not been able to properly prepare for trial. The trial court denied defendants' motion for continuance stating that their attorney had been involved in the case since January 3. Thereupon, Mr. Followell stated: "Your honor, Mr. Warren and I have made some attempts to settle this case and it might be that we would be able to settle it if you would give us a little time." (Tr. 5–6) The court granted a recess and at the conclusion of the recess, Mr. Followell announced that an agreement had been reached with the district attorney's office

and thereupon the defendants entered pleas of guilty to both offenses. Prior to accepting the pleas, the trial court individually informed the defendants of their constitutional rights and ascertained that the pleas were free and voluntary. Judgment and sentence was continued until April 6, 1972. On April 6, the defendants appeared with counsel and judgment and sentences of two (2) years and three (3) years to run concurrently were pronounced. The defendants did not request permission to withdraw their pleas of guilty either prior to or subsequent to the pronouncement of judgments and sentences.

▆ We are of the opinion that the trial court did not err in denying defendants' motion for continuance and that the defendants were not denied effective assistance of counsel. To the contrary, defendants were adequately represented by their court appointed attorney, Mr. Followell, who was successful in negotiating an agreement with the district attorney's office to recommend concurrent sentences of two and three years. The minimum sentence as the defendants were originally charged of Larceny of a Motor Vehicle, After Former Conviction of a Felony was ten (10) years. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.

Harrell F. Followell, Poteau, for appellants.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.